UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JERRY W. LEE, TRUSTEE, and INDIANA STATE DISTRICT COUNCIL OF LABORERS AND HOD CARRIERS WELFARE, PENSION AND TRAINING FUNDS,<br>        Plaintiffs,<br><br>vs.<br><br>BURT, INC.,<br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:05-cv-192-LJM-VSS |

## ORDER ON MOTION TO TRANSFER

Defendant Burt, Inc. ("Burt"), moves the Court to transfer this cause to United States District Court for the Northern District of Indiana, Hammond Division, and assess costs against Plaintiffs, pursuant to 28 U.S.C. § 1391(b).[1]  Burt argues that proper venue is the district where the single defendant has its principal place of business or where a substantial portion of the events or omissions giving rise to the complaint occurred – the Northern District of Indiana.

However, cases brought pursuant to provisions of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), are subject to a specific venue provision.  Section 502(a) of

---

[1] A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

ERISA, 29 U.S.C. § 1132(e)(2), permits an employee benefit plan, in an action by a fiduciary to recover delinquent contributions, to bring the action "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e).[2] Plaintiffs' welfare, pension, and training fund is administered in Terre Haute, Indiana, within the Southern District of Indiana. *See* Comp. ¶ 2. Therefore, venue is proper in this District.

Alternatively, Plaintiffs argue that the Southern District of Indiana is a *forum non conveniens*, pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Thus, there are three factors the Court must apply in determining this motion to transfer: (1) whether venue is proper in both the transferor and transferee courts; (2) whether transfer is for the convenience of parties and witnesses; and (3) whether transfer is in the interest of justice. *See, e.g., Raddenbach v. Soo Line R.R. Co.*, No. 99 C 2588, 1999 WL 984393, *1 (N.D. Ill. Oct.25, 1999) (not reported F. Supp.). It is within the sole discretion of the judge to determine the weight accorded to each factor. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir.1986). The movant has "the burden of showing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Id*. at 219-20.

Burt is an Indiana corporation with its principal place of business in Cedar Lake, Lake County, Indiana, within the Northern District of Indiana. As discussed, the welfare, pension, and training fund is administered in the Southern District. Venue is therefore proper in both Districts.

---

[2]  Plaintiffs' Complaint alleges that Burt failed to make timely contributions to the fund for and on behalf of its employees, has failed to perform obligations under the terms and conditions of a collective bargaining agreement and trust agreement of the funds, and is in violation ERISA Section 515.

In an ERISA enforcement action brought by a pension plan, the Court must give substantial deference to the plaintiff's choice of venue unless it is clearly outweighed by other factors. *See, e.g., Trustees of Hotel Employees and Restaurant Employees Int'l Union Welfare Pension Fund v. Amivest Corp.*, 733 F. Supp. 1180, 1182-83 (N.D. Ill. 1990). Since Plaintiffs elected to bring this action in the Southern District of Indiana, this factor weighs heavily against transfer.

In assessing the convenience of the witnesses, the Court should consider both the number of witnesses in each forum and the relative importance of their testimony. *See Heller Financial, Inc. v. Midwhey Powder Co. Inc.*, 883 F.2d 1286, 1293-94 (7th Cir. 1989). Defendant asserts the following hardships in support of their Motion to Transfer: "[T]he requirement that Defendant (1) hire an attorney in Indianapolis [sic] area to appear in court, instead of using the attorney of long standing for the corporation, (2) travel over 2 hours each way to any court session, as opposed to 45 minutes[,] and (3) the presence of witnesses in Lake county [sic]. . . ." Defendant does not identify either the number of witnesses, nor the relative importance of their testimony. Regarding the convenience of the parties themselves, the Court cannot conclude that an additional hour and fifteen minutes of travel time renders the Northern District a "clearly" more convenient forum. *See Coffey*, 796 F.2d at 219-20. Further, the Court finds the supposed inconvenience of having to hire a local Indianapolis attorney because this cause is proceeding in the Southern District to be uncompelling.

The public interest also weighs heavily against the transfer of this cause. By allowing pension funds to bring enforcement actions in the district where they are administered, "Congress sought to protect the integrity of benefit plans by encouraging them to proceed "in a manner that most efficiently collects delinquent contributions." *Central States v. Michael & Lewis, Inc.*, 992 F. Supp. 1046, 1049 (N.D. Ill. 1998) (internal quotation omitted). Because the expense of a

3

contribution enforcement action is passed to the beneficiaries of a pension plan, it would be counterproductive to require the plans to prosecute their cases in the foreign districts where the contributing employers reside. *See id.* (internal citations omitted). Therefore, the Court finds that the interests of justice weigh heavily against transfer of this case.

Given substantial weight to Plaintffs' decision to proceed in this District, the Court finds that the interests of justice also strongly disfavor transfer of this action to the Northern District of Indiana and outweigh any inconvenience incurred by Defendant and its witnesses by litigating in this Court. Accordingly, the Court **DENIES** Defendant's, Burt, Inc., Motion To Transfer.

IT IS SO ORDERED this 4th day of August, 2005.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed electronically to:

Frederick W. Dennerline III
FILLENWARTH DENNERLINE GROTH & TOWE
fdennerline@fdgtlaborlaw.com

Distributed via U.S. Postal Service to:

EDWARD P. GRIMMER
603 North Main Street
Crown Point, IN 46307